**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF VIRGINIA**
**RICHMOND DIVISION**

LEE ERIK BOOZER,

Petitioner,

v. Civil Action No. 3:08cv489

TRACY RAY,

Respondent.

## MEMORANDUM OPINION

Lee Erik Boozer, a Virginia inmate proceeding *pro se*, filed this action under 28 U.S.C. § 2254. Boozer challenges his convictions in the Circuit Court for the City of Alexandria ("Circuit Court") for possession of a firearm by a convicted felon, possession of burglary tools, petit larceny, and obstruction of justice. On October 15, 2008, Respondent filed a motion to dismiss (Docket No. 12) and provided Boozer appropriate *Roseboro*[1] notice (Docket No. 15). Petitioner has filed several documents in support of his habeas petition and in opposition to Respondent's motion to dismiss. (Docket Nos. 20 & 21.) Jurisdiction is proper pursuant to 28 U.S.C. §§ 636(c) and 2254.

## I. Procedural History

On April 5, 2006, a Circuit Court jury found Boozer guilty of possession of a firearm by a convicted felon, possession of burglary tools, petit larceny, and obstruction of justice. On July 10, 2006, the Circuit Court imposed an aggregate sentence of nine years of incarceration.

[1] *Roseboro v. Garrison*, 528 F.2d 309 (4th Cir. 1975).

**A. Direct Appeal to the Court of Appeals of Virginia**

Boozer appealed his convictions to the Court of Appeals of Virginia, raising three claims:

1. The trial court erred by denying his motion to suppress [restated herein as Ground A, or the "illegal search" claim];

2. Insufficient evidence existed to support his conviction for possession of burglary tools [restated herein as Ground B(2), or the "possession of burglary tools" claim];

3. Insufficient evidence existed to support his conviction for petit larceny of license plates [restated herein as Ground E, or the "petit larceny" claim].

*Boozer v. Commonwealth*, Record No. 1906-06-4, at 1, 3-4 (Va. Ct. App. Feb. 22, 2007.) The Court of Appeals of Virginia denied his appeal in a *per curiam* opinion on February 22, 2007. (Record No. 1906-06-4.)

**B. Direct Appeal to the Supreme Court of Virginia**

Boozer continued his direct appeal to the Supreme Court of Virginia, raising the same illegal search, possession of burglary tools, and petit larceny claims he brought on direct review to the Court of Appeals. In his petition to the Supreme Court of Virginia, Boozer added the following claims:

1. Insufficient evidence to support his conviction for possession of a firearm [restated herein as Ground B(1), or the "possession of a firearm" claim];

2. Insufficient evidence to show that Boozer possessed burglary tools with the intent to commit burglary, robbery, or larceny [restated herein as Ground C, or the "intent to steal" claim];

3. Insufficient evidence to support his conviction for impeding an officer [restated herein as Ground E, or the "impeding an officer" claim].

(Petition for Appeal, filed July 21, 2007, at 1-2.) In a summary order, the Supreme Court of Virginia refused Boozer's petition for appeal. (Record No. 071690.)

**C. Collateral Review in the Supreme Court of Virginia**

On February 25, 2008, Boozer filed a petition for a writ of habeas corpus in the Supreme Court of Virginia. In that petition, he raised five claims identical in substance to those presently pending before this Court in his federal habeas petition, stated below as presented in "Attachment C" to Boozer's federal habeas petition (grammar, spelling, and capitalization edited for clarity):

Ground A: Boozer's state and federal constitutional rights were violated when he was subjected to an unlawful search and seizure and where the trial court denied his pre-trial motion to suppress the evidence of possession of a firearm by a felon, possession of burglary tools and petit larceny, obtained during the unlawful search and seizure of him [the "unlawful seizure" claim].

Ground B: Boozer was denied due process and the equal protection of the laws, when the Commonwealth failed to present sufficient evidence at trial to prove beyond a reasonable doubt that Boozer:
(1) possessed a firearm [the "possession of a firearm" claim] and
(2) [possessed] burglary tools [the "possession of burglary tools" claim]. . . .

Ground C: Boozer's state and federal constitutional rights were violated when the Commonwealth failed to present sufficient evidence at trial to prove beyond a reasonable doubt that he possessed the tools with an intent to commit burglary, robbery, or larceny [the "intent to steal" claim].

Ground D: Boozer's state and federal constitutional rights were violated when the Commonwealth failed to present sufficient evidence at trial to prove beyond a reasonable doubt that Boozer impeded an officer in violation of Va. Code sec. 18.2-460(B) [the "impeding an officer" claim].

Ground E: Boozer's state and federal constitutional rights were violated when the Commonwealth failed to present sufficient evidence at trial to prove beyond a reasonable doubt that Boozer committed petit larceny in violation of Va. Code 18.2-95 [the "petit larceny" claim].

On May 22, 2008, the Supreme Court of Virginia dismissed Boozer's state habeas petition, holding that the rules in *Slayton v. Parrigan*, 205 S.E.2d 680 (Va. 1974),[2] and *Henry v. Warden, Riverside Regional Jail*, 576 S.E.2d 495 (Va. 2003)[3] precluded habeas relief. (Record No. 080523.) Boozer timely filed the instant federal habeas petition on July 24, 2008.

## II. Analysis

The doctrines of exhaustion and procedural default foreclose this Court's review of all but two of Boozer's grounds for habeas relief. The Court finds Ground B(2), the possession of burglary tools claim, procedurally defaulted because the Court of Appeals of Virginia found that he never raised the issue in the trial court. Grounds B(1), C, and D (the possession of a firearm, intent to steal, and impeding an officer claims) are procedurally defaulted, because Boozer failed to fairly present these claims to the Court of Appeals on direct review, and the Supreme Court of Virginia found the claims barred by *Slayton* on collateral review.

Two of Boozer's claims are not procedurally defaulted, but still afford no basis for federal habeas relief. Although properly presented on direct review, Ground A, the illegal seizure claim, is not cognizable in habeas review, pursuant to *Stone v. Powell*, 428 U.S. 465 (1976). The Court reviews Ground E, the petit larceny claim, on the merits, because Boozer properly presented that

---

[2] "A prisoner is not entitled to use habeas corpus to circumvent the trial and appellate processes for an inquiry into an alleged non-jurisdictional defect of a judgment of conviction." *Slayton v. Parrigan*, 205 S.E.2d 680, 682 (Va. 1974) (barring claims that could have been raised at the criminal trial or on direct appeal from habeas review).

[3] "[A] non-jurisdictional issue raised and decided either in the trial *or* on direct appeal from the criminal conviction will not be considered in a habeas corpus proceeding." *Henry v. Warden, Riverside Reg'l Jail*, 576 S.E.2d 495, 496 (Va. 2003).

claim on direct appeal, but defers to the determination by the Court of Appeals that sufficient evidence existed to convict Boozer of petit larceny. The Court addresses these claims seriatim.

**A. <u>Exhaustion</u>**

"In the interest of giving the state courts the first opportunity to consider alleged constitutional errors occurring in a state prisoner's trial and sentencing, a state prisoner must exhaust all available state remedies before he can apply for federal habeas relief." *Breard v. Pruett*, 134 F.3d 615, 619 (4th Cir. 1998) (*citing Matthews v. Evatt*, 105 F.3d 907, 910-11 (4th Cir. 1997)). "To satisfy the exhaustion requirement, a habeas petitioner must fairly present his claim to the state's highest court." *Matthews*, 105 F.3d at 911 (*citing Spencer v. Murray*, 18 F.3d 237, 239 (4th Cir. 1994)). Exhaustion also demands that the petitioner fairly present his exact legal theory for relief to the state courts. *See Gray v. Netherland*, 99 F.3d 158, 162-64 (4th Cir. 1996). Where questions concerning exhaustion arise, the petitioner bears the burden of demonstrating that he properly presented his claim to the state courts in accordance "with the state's chosen procedural scheme." *Mallory v. Smith*, 27 F.3d 991, 995 (4th Cir. 1994).

Here, Petitioner did not fairly present Ground B(1) (possession of a firearm), Ground C (intent to steal), and Ground D (impeding an officer) to the Supreme Court of Virginia because he failed to abide by Virginia's "chosen procedural scheme." *Id.* Specifically, Petitioner's attempts to raise Grounds B(1), C, and D in the Supreme Court of Virginia ran afoul of Virginia Supreme Court Rule 5:17(c). That rule states: "Where appeal is taken from a judgment of the Court of Appeals, only assignments of error relating to questions presented in, or to actions taken by, the Court of Appeals may be included in the petition for appeal to this Court." Va. Sup. Ct. R. 5:17(c).

Presenting claims for the first time to a state's highest court in a petition for discretionary review[4] after failing to raise the claim in prior proceedings ordinarily cannot satisfy the exhaustion requirement. *Castille v. Peoples*, 489 U.S. 346, 351 (1989) (holding that the exhaustion requirement is not satisfied when a claim is "presented for the first and only time in a procedural context in which its merits will not be considered unless there are special and important reasons therefor." (internal quotation marks omitted)). Thus, because Boozer presented Grounds B(1), C, and D for the first time in his discretionary appeal to the Supreme Court of Virginia, he did not properly exhaust these claims on direct review. *See Ivey v. Catoe*, 36 F. App'x 718, 730 n.11 (4th Cir. 2002) (No. 01-11), *available at* 2002 WL 459004; *see also Casey v. Moore*, 386 F.3d 896, 918 (9th Cir. 2004); *Cruz v. Warden*, 907 F.2d 665, 669 (7th Cir. 1990) ("Submitting a new claim to a state's highest court on discretionary review does not constitute a fair presentation."). Moreover, Boozer's subsequent presentation of these claims on state habeas runs afoul of the distinct but related doctrine of procedural default. *Breard*, 134 F.3d at 619.

**B. Procedural Default**

The doctrine of procedural default provides that "[i]f a state court clearly and expressly bases its dismissal of a habeas petitioner's claim on a state procedural rule, and that procedural rule provides an independent and adequate ground for the dismissal, the habeas petitioner has

---

[4] Review by the Supreme Court of Virginia is in the discretion of that court. *See* Va. Code § 17.1-312 ("The appellate jurisdiction of the Supreme Court in any criminal case *may* be exercised at any place of session, no matter where the court may have been held which rendered the judgment in such case.") (emphasis added); Va. Code § 17.1-411 ("[A]ny party aggrieved by a final decision of the Court of Appeals . . . may petition the Supreme Court for an appeal. . . . The granting of such petitions shall be in the discretion of the Supreme Court.").

procedurally defaulted his federal habeas claim." *Id.* (*citing Coleman v. Thompson*, 501 U.S. 722, 731-32 (1991)). Furthermore, a federal habeas petitioner also procedurally defaults claims when the "petitioner fails to exhaust available state remedies and 'the court to which the petitioner would be required to present his claims in order to meet the exhaustion requirement would now find the claims procedurally barred.'" *Id.* (*quoting Coleman*, 501 U.S. at 735 n.1). Absent a showing of actual innocence or cause and prejudice, a procedurally defaulted claim is barred from federal habeas review. *Roach v. Angelone*, 176 F.3d 210, 221 (4th Cir. 1999); *see also Harris v. Reed*, 489 U.S. 255, 262 (1989).

### 1. Procedural Defaults from Direct Review: Ground B(2)

On direct appeal, Boozer presented Ground B(2), the possession of burglary tools claim, to the Court of Appeals of Virginia, which found that claim procedurally defaulted because Boozer never raised the issue in the trial court as required by Rule 5A:18.[5] *Boozer v. Commonwealth*, Record No. 1906-06-4, at 4. "A basic tenet of federal *habeas* review is that a federal court does not have license to question a state court's finding of procedural default, if based upon an adequate and independent state ground." *Barnes v. Thompson*, 58 F.3d 971, 974 n.2 (4th Cir. 1995). Rule 5A:18 is an adequate and independent state procedural rule. *White v. Johnson*, No. 2:05cv365, 2006 WL 2520113, at *4 (E.D. Va. Aug. 25, 2006) (*citing Byrd v. Johnson*, No. 2:05cv603, 2006 WL 1472397, at *3 (E.D. Va. May 19, 2006)). Therefore, this claim is procedurally defaulted unless some valid excuse for the default exists.

[5] "No ruling of the trial court . . . will be considered as a basis for reversal unless the objection was stated together with the grounds therefor at the time of the ruling, except for good cause shown or to enable the Court of Appeals to attain the ends of justice. . . ." Va. Sup. Ct. R. 5A:18.

Boozer proffers no valid reason for default. Boozer does not claim actual innocence. As to cause and prejudice, his Petition includes an attachment, "Notice of the Right to Counsel 'Motion to Amend,'" indicating his dissatisfaction with his counsel at every stage of his criminal proceedings and on direct and collateral review.[6] However, Boozer has never presented an ineffective assistance of counsel claim in any postconviction proceeding. Because any ineffective assistance of counsel claim is itself defaulted,[7] such alleged ineffective assistance cannot constitute cause to excuse his default. *See Edwards v. Carpenter,* 529 U.S. 446, 450-51 (2000) ("[A] procedurally defaulted ineffective-assistance-of-counsel claim can serve as cause to excuse the procedural default of another habeas claim only if the habeas petitioner can satisfy the 'cause and prejudice' standard with respect to the ineffective-assistance claim itself."); *Justus v. Murray*, 897 F.2d 709, 712-13 (4th Cir. 1990). Boozer has made no showing of cause to excuse the default of any ineffective assistance of counsel claim, nor did he explicitly raise such a claim in his federal habeas petition. Therefore, Ground B(2) will be DISMISSED.

---

[6] *E.g.*, "From the pre-lim hearing to the V.A. SUPREME COURT, my attempts to bring awareness that the Commonwealth controls the defense counselors involved in this case, their was appointed counsel just for the sake of record keeping. I have not had an attorney who was a conflict in interest and the several courts has allowed these attorneys to stoop below their ethical dutie's." ("Notice of the Right to Counsel 'Motion to Amend'" 7 (excessive capitalization corrected).) Boozer's handwritten "Motion to Amend" was included with his § 2254 Petition. (Docket No. 1.) It is captioned "In the Virginia Supreme Court," and his Petition indicates that he included this attachment in order to explain his reasons for not presenting some of his claims. (Pet. 13.)

[7] Boozer never presented any ineffective assistance of counsel claim to the Supreme Court of Virginia, and therefore has failed to exhaust such a claim. *Matthews*, 105 F.3d at 911. Were Petitioner now to attempt to present an ineffective assistance of counsel claim to that court, it would be barred by Va. Code § 8.01-654(B)(2). Section 8.01-654(B)(2) constitutes an independent and adequate state procedural rule. *See George v. Angelone*, 100 F.3d 353, 363-64 (4th Cir. 1996).

**2. Procedural Defaults from Collateral Review: Grounds B(1), C, and D**

The Supreme Court of Virginia relied on the rules in *Slayton v. Parrigan* and *Henry v. Warden, Riverside Regional Jail* in finding the claims in Boozer's state habeas petition barred from state habeas review, but did not distinguish which rule barred which claims.[8] The United States Court of Appeals for the Fourth Circuit has instructed that in the present context, a court should review both the text of the state court's order and circumstances surrounding the entry of the order in assessing whether the state court's rejection of a claim rested upon a state procedural ground, rather than on the merits. *See Wilson v. Moore*, 178 F.3d 266, 273-74 (4th Cir. 1999) (citing cases).

Here, it is apparent that the Supreme Court of Virginia did not consider the merits of any claims on collateral review. Considering the procedural history of this case, the Court discerns that the Supreme Court deemed the claims labeled here as Grounds A (illegal search), B(2) (possession of burglary tools), and E (petit larceny), which Boozer presented to both the Court of Appeals of Virginia and the Supreme Court of Virginia on direct appeal, barred by the rule in *Henry*. The Supreme Court also found Grounds B(1) (possession of a firearm), C (intent to steal), and D (impeding an officer), which Boozer had presented improperly on direct appeal by failing to comply with Va. Sup. Ct. R. 5:17(c), barred by the rule in *Slayton*. *See Hamlett v. Braxton*, No. 7:07cv65, 2007 WL 2220558, at *2 (W.D. Va. Aug. 1, 2007) (deferring to state

---

[8] The distinction is significant because, while the rule in *Slayton* is an adequate and independent state procedural rule that can preclude federal habeas review, *see Mu'Min v. Pruett*, 125 F.3d 192, 196-97 (4th Cir. 1997), the rule in *Henry* does not preclude federal habeas review. *See Hood v. Johnson*, No. 2:06cv422, 2007 WL 593576, at *5 (E.D. Va. Feb. 16, 2007) ("Where the underlying claim purports to concern a federal constitutional issue . . . the rule espoused in *Henry* . . . does not prevent federal habeas review of the claim.") (*citing Goins v. Angelone*, 226 F.3d 312, 320 n.3 (2000)).

court's finding that where second habeas petition contained claims not reviewable under either *Henry* or *Slayton*, matters not raised on direct appeal were procedurally defaulted under *Slayton*'s appellate default rule). *Slayton* is an adequate and independent state procedural rule. *Wright v. Angelone*, 151 F.3d 151, 159-60 (4th Cir. 1998). Therefore Grounds B(1), C, and D are procedurally defaulted and not subject to federal habeas review.

Boozer does not assert actual innocence, and fails to present valid cause and prejudice to excuse his default of these claims. To the extent he contends that ineffective assistance of counsel constitutes cause and prejudice, that argument fails to excuse his default for the reasons stated as to Ground B(2). Accordingly, Grounds B(1), C, and D will be DISMISSED.

The Court now turns to the two claims, Grounds A (unlawful seizure) and E (petit larceny), that are not procedurally defaulted. For the reasons stated below, they fail to provide relief to Boozer as well.

**C. Ground A: Trial Court Erred in Denying Boozer's Motion to Suppress**

"[W]here the State has provided an opportunity for full and fair litigation of a Fourth Amendment claim, a state prisoner may not be granted federal habeas corpus relief on the ground that evidence obtained in an unconstitutional search or seizure was introduced at his trial." *Stone*, 428 U.S. at 494.[9] Boozer expressly seeks such relief in Ground A, the illegal seizure claim.

---

[9] "[I]n the context of a federal habeas corpus challenge to a state court conviction, 'the contribution of the exclusionary rule, if any, to the effectuation of the Fourth Amendment is minimal and the substantial societal costs of the application of the rule persist with special force.'" *United States v. Scarborough*, 777 F.2d 175, 182 (4th Cir. 1985) (*quoting Stone*, 428 U.S. at 494-95). Therefore, when a federal district court sitting in habeas considers Fourth Amendment claims, it should "first inquire as to whether or not the petitioner was afforded an *opportunity* to raise his Fourth Amendment claims under the then existing state practice." *Doleman v. Muncy*, 579 F.2d 1258, 1265 (4th Cir. 1978).

The Fourth Circuit has admonished that "the burden of pleading and proof is upon [the petitioner] to indicate in the petition . . . the *reasons* he has, and *the facts in support thereof*, as to why he contends he did not receive an opportunity for a full and fair litigation of his Fourth Amendment claims." *Doleman*, 579 F.2d at 1266. The record shows that Boozer fully and fairly litigated his Fourth Amendment claim in a suppression hearing prior to his trial.[10] (*See generally* January 18, 2006 Hr'g Tr.) Boozer has failed to allege any facts in support of his allegation that he did not receive full and fair litigation of his Fourth Amendment claim in the state proceedings. Instead, he merely states that because a federal court, under *Stone*, has the power to grant habeas relief where the state has not provided an opportunity for full and fair litigation of a Fourth Amendment claim, his request should therefore be granted. (Br. Supp. Writ Habeas Corpus 19.) (Docket No. 21.) This *ipse dixit* argument fails to satisfy his burden under *Doleman* to overcome *Stone*'s bar against federal habeas review of Fourth Amendment claims. Consequently, federal habeas corpus review is precluded, and Ground A will be DISMISSED.

**D. <u>Ground E: Sufficiency of the Evidence (Petit Larceny)</u>**

Boozer challenges the sufficiency of the evidence as to his conviction for petit larceny in Ground E. When evaluating a sufficiency of the evidence claim, a court must ask "whether the record evidence could reasonably support a finding of guilt beyond a reasonable doubt." *Jackson v. Virginia*, 443 U.S. 307, 318 (1979). This does not mean that the federal court "'ask[s] itself whether *it* believes that the evidence at the trial established guilt beyond a reasonable doubt.'" *Id.* at 318-19 (*quoting Woodby v. INS*, 385 U.S. 276, 282 (1966)). Instead, the federal habeas

[10] The laws of the Commonwealth of Virginia provide for a fair opportunity to do so in any event. *See* Va. Code § 19.2-266.2.

court evaluates whether "*any* rational trier of facts could have found the essential elements of the crime beyond a reasonable doubt." *Id.* at 319 (*citing Johnson v. Louisiana*, 406 U.S. 356, 362 (1972)). Furthermore, *"all of the evidence* is to be considered in the light most favorable to the prosecution." *Id.* Finally, "federal habeas relief may not be granted unless the state court's decision 'was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States." *Booth-El v. Nuth*, 288 F.3d 571, 575 (4th Cir. 2002) (*quoting* 28 U.S.C. § 2254(d)(1)).

Assessing the sufficiency of the evidence on direct appeal, the Court of Appeals of Virginia dismissed Ground E, the petit larceny claim, on the merits. The Court of Appeals noted that Boozer was found in possession of a stolen car bearing stolen plates at the time of his arrest, and that the owner of the plates had testified that the plates had been stolen within the two days preceding Boozer's arrest. *Boozer v. Commonwealth*, Record No. 1906-06-4, at 5 (Feb. 22, 2007). Citing *Hope v. Commonwealth*, 392 S.E.2d 830, 833 (Va. Ct. App. 1990) (*en banc*) for the proposition that "'[p]ossession of goods recently stolen is *prima facie* evidence of guilt of the crime of larceny and throws upon the accused the burden of accounting for that possession,'" the court concluded that the jury did not err in rejecting Boozer's contention that he did not know the car or the plates had been stolen. *Id.* at 4-5. The court further noted that the Commonwealth's evidence "was competent, was not inherently incredible, and was sufficient to prove beyond a reasonable doubt that [Boozer] was guilty of petit larceny." *Id.* at 5.

Under the pertinent standard of review, this Court finds that a rational trier of facts could have found that Boozer committed the crime of petit larceny, in violation of Va. Code

§ 18.2-96. Furthermore, the decision of the Court of Appeals is neither (1) contrary to or an unreasonable application of clearly established Federal law; nor (2) an unreasonable determination of the facts. 28 U.S.C. § 2254(d)(1). Accordingly, Ground E will be DISMISSED.

## III. Conclusion

For the foregoing reasons, Respondent's Motion to Dismiss will be GRANTED. Boozer's Petition will be DISMISSED.

An appropriate Order shall issue.

/s/
M. Hannah Lauck
United States Magistrate Judge

Richmond, Virginia
Date: 7/8/09